UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HOLDI SERAI MERAZ,

    Plaintiff,

vs.

RECEIVABLES OUTSOURCING, LLC,

    Defendant.

_____/

## COMPLAINT FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, HOLDI SERAI MERAZ, sues Defendant, RECEIVABLES OUTSOURCING, LLC ("ROI"), under 15 U.S.C 1692 *et seq,* the "Fair Debt Collection Practices Act" ("FDCPA"), and alleges:

1. This is an action for damages under 15 U.S.C 1692k.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that Defendant transacts business in Miami-Dade County and the conduct complained of occurred here.

3. Plaintiff is a Miami-Dade County resident and "consumer" under the FDCPA.

4. Defendant is a foreign for profit corporation conducting business as a "debt collector," as that term is defined in 15 U.S.C 1692a (6), which, regularly engages in consumer debt collection in Miami-Dade County using the U.S. mails.

5. On June 6, 2019, Plaintiff suffered an accident at work in which she sustained injuries, and as a result of which she received medical treatment at Jackson Memorial Hospital from June

Case No.:
Page 2 of 3

6-9, 2019 (the "Subject Treatment") which was paid for by a workers' compensation insurance carrier providing coverage for Plaintiff's medical bills.

6. Under Fla. Stat. Sec. 440.13(13)(a), because Plaintiff was an injured employee covered by workers' compensation insurance, Jackson Memorial Hospital is legally prohibited from collecting a fee for the Subject Treatment directly from the Plaintiff.

7. On May 20, 2020, Defendant issued and mailed to Plaintiff in Miami-Dade County a collection letter claiming a balance due by Plaintiff for the Subject Treatment, and stating:

> *The referenced account has been placed with Receivables Outsourcing, LLC for collections by Jackson Memorial Hospital.*
>
> *Balance Due:        $754.64*

(05/20/2020 ROI Collection Letter attached as Exhibit "A")

8. Under Fla. Stat. Sec. 440.13(13)(a), Plaintiff is not legally responsible for any debt related to the Subject Treatment as his medical expenses were covered by workers' compensation insurance.

9. In violation of 15 U.S.C. 1692e (2)(A) and (10), Defendant, in connection with the collection of a debt from Plaintiff, has used the mails and a false, deceptive, and misleading representation as to the character, amount and legal status of the debt, which amounted to an unfair and unconscionable means of collection; **Plaintiff in fact owed no debt to Jackson Memorial Hospital**.

10. As a result of Defendant's violation of 15 U.S.C. 1692e (2)(A) and (10), Plaintiff has suffered an injury in fact and has been damaged in the amount of $652.00.

11. Pursuant to 15 U.S.C. 1692k (a), Plaintiff is entitled to his actual damages, an additional $1,000.00 in statutory damages, plus attorney's fees and costs incurred in bringing this

Case No.:
Page 3 of 3

action.

      WHEREFORE, Plaintiff demands judgment for actual and statutory damages against Defendant, attorneys' fees, costs, pre and post judgment interest, and trial by jury.

Dated this _____ day of September, 2020.

                JOSE M. FRANCISCO, P.A.
                *Attorneys for Plaintiff*
                8660 Flagler Street
                Suite 100
                Miami, Florida  33144
                Tel: (305) 649-2213
                Email: josefrancisco@jmflawyers.com
                           litigationsec1@jmflawyers.com

By: _____
      JOSE M. FRANCISCO
      Fla. Bar #0892874